**William Harold HILBORN**

v.

**C. Marshall DANN, Commissioner of Patents and Trademarks and Robert M. Cuthbert.**

**Patent Appeal No. 77-504.**

United States Court of Customs and Patent Appeals.

Dec. 9, 1976.

Rehearings Denied Feb. 10, March 30, 1977.

Robert W. Beach, Seattle, Wash., attorney of record, for appellant.

William R. Hinds, Arlington, Va., Larson, Taylor & Hinds, Arlington, Va., attorney of record, for appellees.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

RICH, Judge.

This petition, filed October 4, 1976, is for a writ of mandamus by the junior party Hilborn in Interference No. 99,137 directing the Commissioner of Patents and Trademarks and the Chairman of the Board of Patent Interferences to investigate and decide an allegation of fraud as the threshold issue in the interference proceeding, instead of referring the interference to the Primary Examiner for reconsideration of the patentability of the interference count under 37 CFR 1.237, so that the decision of the Board of Patent Interferences on the question of fraud can be appealed to this court.

Petitioner also seeks, by supplemental petition filed November 2, 1976, a writ of prohibition to prevent the Chairman of the Board of Patent Interferences and the Patent Interference Examiner "from attempting to continue proceedings in Interference No. 99,137, prior to a decision being rendered by this Honorable Court on petitioner's Petition for a Writ of Mandamus, and specifically that respondent Sofocleous [the Patent Interference Examiner] be prohibited from proceeding with the interference under Rule 237, 37 CFR 1.237 * * *."

### Background

The events leading up to these petitions are not in dispute. The interference was declared when petitioner Hilborn copied claim 1 of Cuthbert's United States patent No. 3,859,522 under 37 CFR 1.205 and filed certain affidavits required by 37 CFR 1.204(c). The interference was declared, but, because the affidavits were found insufficient, petitioner was placed under an order to show cause why summary judgment should not be entered against him, in accordance with 37 CFR 1.228. In his response to that order petitioner asserted that an award of priority should be made against the senior party patentee, Cuthbert, because he had been guilty of inequitable conduct or fraud in not citing a certain Norwegian patent during the prosecution of the application for the patent involved in the interference. The matter ultimately came to the attention of the Primary Examiner, who, in accordance with 37 CFR 1.237, held the sole count in the interference to be unpatentable. The Patent Interference Examiner then suspended the interference, indicating that reconsideration of the Primary Examiner's decision could be had. Petitioner then filed a motion to have the issue of fraud considered, contending that it was a "threshold" question that should have been determined prior to the question of patentability. The Patent Interference Ex-

aminer denied this motion because the action of the Primary Examiner under 37 CFR 1.237, "if adhered to upon a request for reconsideration by any of the parties, both terminates this proceeding and removes jurisdiction of this case from the Board of Patent Interferences thereby rendering the Hilborn motions * * * moot."

Hilborn then petitioned the Commissioner to direct the Board of Patent Interferences "to consider the issue of fraud on the Patent and Trademark Office * * * instead of referring the interference to the Primary Examiner under 37 CFR 1.237 to reconsider the patentability of the interference count." The Commissioner found that Hilborn had "failed to show * * * any abuse of discretion by the Patent Interference Examiner which would justify intervention of the Commissioner in the exercise of his supervisory authority." The Commissioner also noted that in the instant proceeding, "the patentability of the count to Hilborn is indeed the threshold question," and, after directing the Primary Examiner to clarify his position, stated that if the Primary Examiner "finally adheres to his position relative to the unpatentability of the count to Hilborn, the interference will be dissolved and the proceeding terminated, thus rendering the fraud issue moot in this proceeding." Hilborn seeks to prevent this consequence by his petitions to this court.

## OPINION

 The patentability of the count to petitioner is determinative of whether petitioner's application "would interfere" with the Cuthbert patent. As is clear from 35 U.S.C. § 135, that question is fundamental to the existence of any question of priority in the Patent and Trademark Office. That petitioner has alleged fraud, which at best raises an issue only ancillary to priority, does not alter the fundamental nature of the patentability question. The above statute commits the question whether an application "would interfere" with an unexpired patent to the judgment of the Commissioner. It is elementary law that mandamus will not lie to control the exercise of discretion. No abuse of discretion has been shown.

What petitioner is attempting to do is to force a decision, *in the interference*, on his allegation of "fraud" in advance of determination of whether there is any patentable subject matter as to which an interference proceeding should be conducted. He seeks such a decision, inter alia, so he can appeal it to this court. We agree with the Commissioner that the "threshold" question is not the fraud issue, but patentability of the count, which is determinative of whether interference exists. The sole raison d'être for interferences is determination of priority of invention with respect to patentable subject matter, fraud issues being only ancillary thereto.

The petitions for mandamus and writ of prohibition are denied.

*DENIED.*